UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brooklyn Griffith, | : | |
| | : | Case No.: 2:22-cv-02411 |
| Plaintiff, | : | |
| | : | Judge Sara D. Morrison |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| Mifflin Township, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
**(With Jury Demand Endorsed Hereon)**

Now comes Defendant, Mifflin Township[1] (hereinafter referred to as "Defendant"), by and through the undersigned counsel, and for its Answer to Plaintiff's Complaint states as follows:

**FIRST DEFENSE**

For its First Defense, Defendant responds to the numbered paragraphs of the Plaintiff's Complaint, in like-numbered paragraphs, as follows:

**I.  Preliminary Statement**

1. Paragraph 1 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

**II.  Jurisdiction and Venue**

2. Paragraph 2 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

3. Paragraph 3 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

---

[1] Defendant denies that Mifflin Township is the correct Defendant.

    4.    Portions of Paragraph 4 are conclusions of law to which no response is required. In this regard, whether the Charge was timely filed is a conclusion of law. All remaining allegations are denied for want of knowledge.

    5.    Paragraph 5 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

    6.    Paragraph 6 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

    7.    Paragraph 7 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

    8.    Paragraph 8 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

### III. Parties

    9.    Denied.

    10.    Paragraph 10 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

### IV. Facts

    11.    Denied for want of knowledge.

    12.    Denied for want of knowledge.

    13.    Denied for want of knowledge.

    14.    Denied for want of knowledge.

    15.    Denied for want of knowledge.

    16.    Denied for want of knowledge.

    17.    Denied for want of knowledge.

18. Denied for want of knowledge.

19. Denied.

20. Denied for want of knowledge.

21. Denied for want of knowledge.

22. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied.

23. Denied for want of knowledge.

24. Denied for want of knowledge.

25. Denied for want of knowledge.

26. Denied for want of knowledge.

27. Denied for want of knowledge.

28. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied. All remaining allegations are denied for want of knowledge.

29. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied.

30. Denied for want of knowledge.

31. Denied for want of knowledge.

32. Denied for want of knowledge.

33. Denied for want of knowledge.

34. Denied for want of knowledge.

35. Denied for want of knowledge.

36. Denied for want of knowledge.

37. Denied for want of knowledge.

38. Denied for want of knowledge.

39. Denied for want of knowledge.

40. Denied for want of knowledge.

41. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied. All remaining allegations are denied for want of knowledge.

42. Denied for want of knowledge.

43. Denied for want of knowledge.

44. Denied for want of knowledge.

45. Denied for want of knowledge.

46. Denied for want of knowledge.

47. Denied for want of knowledge.

48. Denied for want of knowledge.

49. Denied for want of knowledge.

50. Denied for want of knowledge.

51. Denied for want of knowledge.

52. Denied for want of knowledge.

53. Denied for want of knowledge.

54. Denied for want of knowledge.

55. Denied for want of knowledge.

56. Denied for want of knowledge.

57. Denied for want of knowledge.

58. Denied for want of knowledge.

59. Denied for want of knowledge.

60. Denied for want of knowledge.

61. Denied for want of knowledge.

62. Denied for want of knowledge.

63. Denied for want of knowledge.

64. Denied for want of knowledge.

65. Denied for want of knowledge.

66. Denied for want of knowledge.

67. Denied for want of knowledge.

68. Denied for want of knowledge.

69. Admitted in part; denied in part. It is admitted that Plaintiff posted a video of herself in uniform on social media. All remaining allegations are denied for want of knowledge.

70. Denied for want of knowledge.

71. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied. All remaining allegations are denied for want of knowledge.

72. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied. All remaining allegations are denied for want of knowledge.

73. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied. All remaining allegations are denied for want of knowledge.

74. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied. All remaining allegations are denied for want of knowledge.

75. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied. All remaining allegations are denied for want of knowledge.

76. Admitted in part; denied in part. It is admitted only that Plaintiff was placed on paid administrative leave on or about May 1, 2020. All remaining allegations are denied for want of knowledge. By way of further response, this Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied.

77. Denied for want of knowledge.

78. Denied for want of knowledge.

79. Denied for want of knowledge.

80. Admitted in part; denied in part. It is admitted only that Plaintiff's employment was terminated on or about May 5, 2020. All remaining allegations are denied for want of knowledge.

81. This Paragraph refers to a written document which speaks for itself and any inaccurate, inconsistent, or incomplete descriptions thereof are denied. All remaining allegations are denied for want of knowledge.

82. Denied for want of knowledge.

83. Denied.

84. Denied.

85. Denied for want of knowledge.

86. Denied for want of knowledge.

87. Denied for want of knowledge.

88. Denied for want of knowledge.

89. Denied for want of knowledge.

90. Denied for want of knowledge.

91. Denied for want of knowledge.

92. Denied for want of knowledge.

93. Denied for want of knowledge.

94. Denied for want of knowledge.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

V. **Claims**

    A. **Count I: Violation of Title VII of Civil Rights Act of 1964**

    101. Defendants reincorporate Paragraphs 1-100 as if fully written herein.

102. Paragraph 102 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

B. **Count II: Violation of Ohio Laws Against Discrimination**

103. Defendants reincorporate Paragraphs 1-102 as if fully rewritten herein.

104. Paragraph 104 is a conclusion of law to which no response is required. To the extent this Paragraph is deemed to include facts, those facts are denied.

## OTHER DEFENSES

VI. **Prayer for Relief**

Defendant does not knowingly or intentionally waive any applicable defense and reserve the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings. Defendant further reserves the right to amend the Answer and/or Affirmative and Other Defenses accordingly, and/or delete defenses that Defendant determines are not applicable, during the course of the proceedings. Without assuming any burdens that Defendant would not otherwise bear, Defendant asserts the following affirmative or other defenses:

1. Plaintiff fails to state claims upon which relief can be granted.

2. Plaintiff fails to state a *prima facie* claim.

3. Plaintiff's claims are or may be barred by any applicable statutes of limitation.

4. Plaintiff's claims are barred and/or limited by the doctrines of laches, consent, unclean hands, waiver, estoppel, the after-acquired evidence doctrine, and/or a release of claims.

5. Defendant, had in place, at all times, an effective policy prohibiting any type of unlawful discrimination in the workplace, and Defendant exercised reasonable care to prevent and promptly correct any of the alleged unlawful behavior.

6. Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to otherwise avoid harm.

7. Defendant acted promptly to respond to, investigate, and correct any complaints of discrimination, and to the extent that Plaintiff made any such complaints, Defendant did so as to the same.

8. There were legitimate, non-discriminatory non-retaliatory reasons for any alleged adverse employment actions affecting Plaintiff.

9. Plaintiff cannot establish a causal connection between any alleged protected characteristic and/or protected activity and any adverse employment action.

10. Even if Plaintiff could establish a *prima facie* claim of discrimination (which Defendant denies), she cannot establish that the legitimate, non-discriminatory non-retaliatory reasons for any adverse employment actions were a pretext for discrimination.

11. Defendant denies that any discriminatory conduct occurred, but if the same is found to exist, the same employment decisions would have been made in the absence of any such conduct.

12. Defendant expressly denies that Defendant or any employee under Defendant's supervision acted in any manner which violated Plaintiff's rights, including engaging in discriminatory and/or other unlawful actions towards Plaintiff.

13. To the extent that Defendant's actions violated any statute(s) (which Defendant denies), any such actions were not done with malice and/or reckless indifference.

14. If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own conduct, acts, or omissions, thereby completely or partially barring the Plaintiff's recovery in this action.

15. Plaintiff has either failed to mitigate her damages, if any, or she has mitigated her damages. Thus, Plaintiff's claims for damages are barred or must be reduced to the extent that she failed to properly mitigate her alleged damages and/or mitigated them.

16. Any damages recovered by Plaintiff must be offset by any compensation or income she has received or could have received with reasonable diligence for the period for which she is seeking damages.

17. Defendant has at all times acted in good faith, did not act willfully, have acted in conformity with and in reliance on the applicable administrative regulations, orders, rulings, approvals and interpretations or on the applicable administrative practices and enforcement policies of administrative agencies, and/or have acted with reasonable grounds to believe that Defendant's actions were in conformity with the law, thus precluding recovery by the Plaintiff against Defendant.

18. Defendant is entitled to the same actor inference.

19. Any damages recovered by Plaintiff must be offset and/or reduced by benefits she has received from any collateral source, pursuant to R.C. § 2315.20.

20. Plaintiff is not entitled to recover punitive damages because these damages are not available remedies for some or all of the Plaintiff's claims and/or Defendant's alleged actions were not willful, wanton, malicious, and without justification.

21. Plaintiff's claims for punitive damages are limited by R.C. § 2315.21.

22. Plaintiff's claims for punitive damages should be bifurcated in accordance with R.C. § 2315.21.

23. Plaintiff's claims for punitive damages are barred and/or limited by the due process and equal protection clauses of the U.S. Constitution and by analogous provisions of the Ohio

Constitution. To the extent the Complaint seeks to make Defendant liable for punitive damages, Defendant adopts by reference whatever defenses, criteria, limitations and standards are mandated by the U.S. Supreme Court's decision in *BMW North Am., Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny.

24. Defendant contends that no discriminatory employment decisions were made in this case. Defendant cannot be held vicariously liable for punitive damages based on unlawful employment decisions made by its agents, if any are proven (which Defendant denies), because any such unlawful decisions were contrary to Defendant's policies and good faith efforts to comply with the law.

25. Defendant may enjoy a qualified and/or absolute immunity, including statutory immunity under R.C. § 2307.22, et seq. and/or legislative immunity and/or privilege in this case.

26. Defendant's actions are or may be protected by a qualified and/or absolute privilege. Defendant may have judicial immunity, qualified immunity, absolute immunity, legislative immunity, a qualified privilege and/or absolute privilege which bars Plaintiff's action.

27. Plaintiff's claims are subject to the immunities, defenses, and limitations on damages set forth in Chapter 2744 of the Ohio Revised Code and other applicable statutory immunity.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that this Court enter judgment in their favor as follows:

    a. Dismiss the Complaint in its entirety, with prejudice;

    b. Defendant be entitled to recover its costs, including reasonable attorneys' fees and expenses; and

    c. Such further relief in law and equity to which Defendant may be entitled.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570), Trial Attorney
Sunshine J. Thomas (0100483)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
Telephone:  (614) 228-1311
Facsimile:   (614) 232-2410
pkasson@reminger.com
sthomas@reminger.com
*Counsel for Defendant Mifflin Township*

## **JURY DEMAND**

Now comes Defendant and hereby requests a jury to hear all of the issues of this case.

*/s/ Patrick Kasson*
Patrick Kasson (0055570)

## **CERTIFICATE OF SERVICE**

I hereby certify a true and accurate copy of the foregoing document was sent via the Court's electronic filing system, this 1st day of July, 2022, upon:

John S. Marshall (0015160)
Madeline J. Rettig (0098816)
Edward R. Forman (0076651)
Samuel M. Schlein (0092194)
Helen M. Robinson (0097070)
Marshall & Forman LLC
250 Civic Center Drive, Suite 480
Columbus, Ohio  43215-5296
Telephone:  (614) 463-9790
Facsimile:   (614) 463-9780
jmarshall@marshallforman.com
mrettig@marshallforman.com
eforman@marshallforman.com
sschlein@marshallforman.com
hrobinson@marshallforman.com

*/s/ Patrick Kasson*
Patrick Kasson (0055570)